DECISION
{¶ 1} Plaintiff-appellant, Dennis R. Dvorak, appeals from the judgment of the Ohio Court of Claims dismissing his complaint against defendant-appellee, Pickaway Correctional Institute ("PCI").
{¶ 2} By this lawsuit, Dvorak contends that he is entitled to a civil remedy for wrongful imprisonment. The underlying facts are as follows. Dvorak pled guilty in April 1991, to charges of intimidation and possession of a weapon while under a disability, and he was sentenced to a prison term of two to ten years. Dvorak unsuccessfully filed pro se petitions for post-conviction relief in 1992 and 1993. In 1996, Dvorak attempted to file a notice of appeal and a motion for leave to file a delayed appeal. The court then discovered that Dvorak's conviction and sentence had never been journalized. By journal entry dated May 16, 1996, the court finalized the criminal conviction. Dvorak's notice of appeal and motion for leave to file a delayed appeal were filed the next day. The motion for leave to file a delayed appeal was summarily denied.
{¶ 3} Dvorak then filed a habeas corpus petition in federal court. The United States District Court for the Northern District of Ohio denied the petition, and the Sixth Circuit Court of Appeals granted a certificate of appealability as to the following issues: (1) whether Dvorak was improperly denied his appeal as of right in the state court; (2) whether Dvorak entered a knowing and voluntary guilty plea; and (3) whether Dvorak received ineffective assistance of counsel. See Dvorak v. Walker (C.A.6, 1999), Case No. 98-4493. After the parties briefed the issues, the court of appeals issued an order directing the state of Ohio to show cause why Dvorak should not be released due to the state's denial of Dvorak's constitutional right to an appeal. Id.
{¶ 4} Unpersuaded by the state's response to the order to show cause, the Sixth Circuit Court of Appeals remanded the matter and directed the federal district court to grant Dvorak's petition for a writ of habeas corpus. Dvorak. In reaching its decision, the court of appeals determined that Dvorak's 1996 notice of appeal in state court was timely because it was filed one day after the court journalized the entry of Dvorak's conviction. Id. As to the substantive matters of whether Dvorak's plea was knowing and voluntary, and whether Dvorak was denied the effective assistance of counsel, the court of appeals stated as follows:
{¶ 5} "* * * Our review of the incomplete state court record that was provided to this court raises at least a question as to the voluntary nature of Dvorak's plea and the effectiveness of his counsel's representations. However, we note that Dvorak is nearing the end of his maximum ten-year prison term and are concerned about the ability of the Ohio Court of Appeals to appoint counsel and entertain Dvorak's direct appeal on the merits before his scheduled release.
{¶ 6} "For these reasons, we reverse the district court's order and remand this case so that the district court can grant Dvorak's petition for a writ of habeas corpus and order this release forthwith. * * *" Id.
{¶ 7} Dvorak filed the instant lawsuit on December 12, 2001. In his complaint, Dvorak contends that he is entitled to damages for wrongful imprisonment pursuant to R.C. 2743.48(D). On December 31, 2001, PCI moved to dismiss the complaint. PCI argued that Dvorak failed to state a viable claim for wrongful imprisonment under R.C. 2743.48, as he had not provided a preliminary factual determination of wrongful imprisonment as required by R.C. 2305.02. In response, Dvorak argued that, by granting his writ of habeas corpus, the federal courts had already determined that appellant was a wrongfully imprisoned individual and, therefore, "the seeking of such a determination pursuant to R.C.2305.02 * * * would be a time-consuming, expensive and pointless undertaking, as the applicant would be guilt-free and presumed to be innocent when applying." Dvorak also filed a motion for waiver of requirements of R.C. 2305.02.
{¶ 8} On March 21, 2002, the Court of Claims granted PCI's motion and dismissed the case. The court concluded that it was without jurisdiction to waive the requirements of R.C. 2305.02 and that, because Dvorak failed to provide the court with a common pleas court entry establishing that Dvorak was a wrongfully imprisoned individual, he failed to state a viable claim for relief.
{¶ 9} On appeal, Dvorak assigns the following errors:
{¶ 10} "Assignment of Error No. 1
{¶ 11} "The Court of Claims erroneously concluded that the only way a `wrongfully imprisoned individual' can avail himself of the benefits of R.C. 2743.48 is by providing that court with a certified copy of an Ohio common pleas court entry pursuant to R.C. 2305.02.
{¶ 12} "Assignment of Error No. 2
{¶ 13} "When the U.S. Court of Appeals for the Sixth Circuit decided on Nov. 4, 1999 that this plaintiff was a `wrongfully imprisoned individual' and ordered his release by habeas corpus from the defendant state prison, the Supremacy Clause of the U.S. Constitution, Art. 6, Par. 2, gave rise to the federal doctrine of preemption and prohibited all Ohio common please (sic) judges from conducting any hearing on the preempted R.C. 2305.02.
{¶ 14} "Assignment of Error No. 3
{¶ 15} "Inasmuch as the state of Ohio was afforded two opportunities to brief, litigate and argue whether this plaintiff was, or was not, a `wrongfully imprisoned individual' in the Sixth Circuit Court of Appeals habeas corpus proceeding in 1999, that court's 1999 decision federally precluded the state of Ohio from relitigating that issue in an Ohio court in 2002.
{¶ 16} "Assignment of Error No. 4
{¶ 17} "Even assuming arguendo that the three foregoing Assignments of Error are meritless, a federal writ of habeas corpus voids the preceding state proceedings so that an Ohio common pleas judge, who would be conducting a hearing pursuant to R.C. 2305.02, when subsequently looking at this plaintiff would only view a free citizen having a presumption of innocence, so that any such hearing would be pointless."
{¶ 18} We address Dvorak's four assignments of error simultaneously, as they all pertain to Dvorak's argument that, in granting his petition for habeas corpus relief, the federal courts determined that Dvorak was a wrongfully imprisoned individual and, accordingly, Dvorak need not provide a copy of an Ohio common pleas court entry pursuant to R.C. 2305.02, in order to state a viable claim for wrongful imprisonment under R.C. 2743.48. We disagree.
{¶ 19} R.C. 2743.48(A)(5) requires a person seeking compensation based on wrongful imprisonment to secure a determination "by a court of common pleas that the offense of which he was found guilty, including all lesser-included offenses, either was not committed by him or was not committed by any person." See, also, Walden v. State (1989),47 Ohio St.3d 47, 49. As the Ohio Supreme Court stated in Walden:
{¶ 20} "R.C. 2305.02 grants exclusive jurisdiction to the court of common pleas to `hear and determine an action or proceeding that is commenced by an individual * * * that seeks a determination by the court that the offense of which he was found guilty, including all lesser-included offenses, either was not committed by him or was not committed by any person.' Once the claimant secures this determination, R.C. 2743.48(D) provides that he `has and may file a civil action against the state, in the court of claims, to recover a sum of money * * *' in an amount fixed by R.C. 2743.48(E)." Id. at 49-50.
{¶ 21} Such a determination is a mandatory prerequisite to jurisdiction in the Court of Claims. Dvorak admits that he has not obtained a determination by a court of common pleas. Because he has not met the statutory requirements to state a claim for wrongful imprisonment against the state, the trial court did not err when it dismissed Dvorak's complaint.
{¶ 22} In an effort to circumvent the mandatory prerequisite, Dvorak argues that, in granting his petition for habeas corpus relief, the Sixth Circuit Court of Appeals determined that Dvorak was a wrongfully imprisoned individual. We reject Dvorak's argument and note that it is based on his misinterpretation of the Sixth Circuit Court of Appeals' opinion. The court of appeals only addressed Dvorak's right to file an appeal. Contrary to Dvorak's representations, the court of appeals did not conclude that Dvorak was wrongfully imprisoned. Rather, in ordering Dvorak's release, the court stated "that Dvorak is nearing the end of his maximum ten-year prison term and are concerned about the ability of the Ohio Court of Appeals to appoint counsel and entertain Dvorak's direct appeal on the merits before his scheduled release."
{¶ 23} For the foregoing reasons, appellant's first, second, third and fourth assignments of error are overruled, and the judgment of the Ohio Court of Claims is affirmed.
Judgment affirmed.
TYACK, P.J., and KLATT, J., concur.